## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRIS ELROY LOVELESS,                      )
                                           )
                    Petitioner,            )
                                           )
v.                                         )        Case No. CIV-25-00593-JD
                                           )
STATE OF OKLAHOMA and                      )
BECKY GUFFY, Warden,                       )
                                           )
                    Respondents.           )

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Amanda L. Maxfield on July 21, 2025. [Doc. No. 9]. Judge Maxfield recommends that the Court dismiss Petitioner Chris Elroy Loveless's 28 U.S.C. § 2241 petition [Doc. No. 1] without prejudice for failure to state claims cognizable under § 2241. For the reasons stated below, the Court accepts the R. & R. without objection and dismisses this action. Moreover, the Court imposes filing restrictions against Mr. Loveless as explained below.

## I.    BACKGROUND

Mr. Loveless filed this § 2241 habeas action pro se as a state prisoner. *See* [Doc. No. 1]. On July 6, 2022, the State of Oklahoma filed three felony charges against Mr. Loveless: one for trafficking in illegal drugs (Count One), and two for possessing with intent to distribute a controlled dangerous substance (Counts Two and Three). *State v. Loveless*, No. CF-2022-165 (Grady Cnty., Okla.) (*Loveless I*). As Mr. Loveless has explained in prior actions before the Court, *e.g.*, *Loveless v. Sifers, et al.*, No. CIV-24-

00696-JD, 2025 WL 1473804 (W.D. Okla. May 22, 2025), while *Loveless I* was pending, Mr. Loveless and an endorsed witness of the State in that case, Morgan Roberts, went to the Grady County Court Clerk's office to apply for a marriage license. An employee in the court clerk's office allegedly notified Grady County Assistant District Attorney Jeff Sifers, and four days later, the State charged Mr. Loveless with intimidation of a witness, a felony offense. *Id.* at *1; *see also State v. Loveless*, No. CF-2024-89 (Grady Cnty., Okla.) (*Loveless II*).

　　Mr. Loveless pleaded guilty to all counts in both *Loveless I* and *Loveless II*. Loveless later moved to withdraw his pleas of guilty, but the trial court denied his motions in both *Loveless I* and *Loveless II*. In *Loveless I*, the trial court sentenced Mr. Loveless to thirteen years of imprisonment with all but the first eight years suspended for Count One, seven years of imprisonment for Count Two, and five years of imprisonment for Count Three, all to run concurrent to each other. In *Loveless II*, the trial court sentenced him to ten years of imprisonment, with all but the first eight years suspended, to run concurrently with his sentences in *Loveless I*. Loveless appealed the denials of his motions to withdraw to the Oklahoma Court of Criminal Appeals ("COCA"). The COCA affirmed the district court's ruling and the judgment and sentence in a summary opinion. *See Loveless v. Oklahoma*, No. C-2024-827 (Okla. Crim. App.), available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate &number=C-2024-827&cmid=138775 (last visited Mar. 10, 2026).

　　In the instant § 2241 petition, Mr. Loveless challenges his convictions in *Loveless I*, raising eleven grounds for relief.

II.    <u>ANALYSIS</u>

    A.    **The Court accepts and adopts the Report and Recommendation of the Magistrate Judge.**

The R. & R. recommends that the Court dismiss the petition without prejudice for failure to state claims cognizable under § 2241. The R. & R. advised Mr. Loveless of his right to object by August 11, 2025, and warned that failure to object timely would waive the right to appellate review of the factual and legal issues in the R. & R. *See* R. & R. at 6.

Loveless did not file an objection or request an extension of time to do so, even though months have passed since the R. & R. was issued. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Loveless had an opportunity to be heard on the way Judge Maxfield resolved his petition by filing a timely objection to the R. & R. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (unpublished) (explaining that there are no due process concerns when the "petitioner had an opportunity to address the matter by objecting to the magistrate judge's recommendation prior to the district court's adoption thereof"). By not objecting to a magistrate judge's report and recommendation, a petitioner waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections).

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review; these factors include: "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

Here, the R. & R. sufficiently informed Mr. Loveless of both the deadline for objecting and the consequences of failing to object. *See* R. & R. at 6. The interests of justice do not require review because the R.& R. was mailed to Loveless's provided address,[1] and the Court has no evidence of Loveless's effort to comply or an explanation for his failure to comply. Thus, the firm waiver rule applies, and Loveless has waived his right to challenge the R. & R.

Alternatively, de novo review of the petition and the R. & R. would lead the Court to reach the same conclusion as Judge Maxfield. Mr. Loveless's instant petition is styled

---

[1] "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4. *See also* Fed. R. Civ. P. 5(b)(2)(C); *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267–68 (10th Cir. 1999).

under 28 U.S.C. § 2241, yet it sounds in § 2254, under which Loveless already filed

several petitions to which he failed to object to the reports recommending dismissal and

those petitions have been dismissed under the firm waiver rule for his failure to object.[2]

Mr. Loveless's petition is styled under § 2241, and the "rubric" of that statute

contemplates an "attack[] [on] the execution of [the] sentence as it affects the fact or

duration of . . . confinement." *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000);

*see also Ortiz v. Scibana*, No. CIV-06-834-M, 2006 WL 3096689, at *1 (W.D. Okla. Oct.

31, 2006) (citing *Overturf v. Massie*, 385 F.3d 1276, 1278 (10th Cir. 2004)) ("A claim

brought pursuant to 28 U.S.C. § 2241 is cognizable if it attacks the execution of a

prisoner's sentence as it affects the fact or duration of the prisoner's confinement."). But

Loveless's grounds for relief attack his convictions, not the execution of his sentence. *See*

Pet. at 7–12 [Doc. No. 1] (stating eleven grounds for relief not targeting the execution of

his sentence and seeking to set aside his convictions).

As the R. & R. notes, the Court may convert a § 2241 petition to a § 2254 petition.

R. & R. at 5. Granted, part of Judge Maxfield's rationale for declining to convert rested

on the fact that Loveless had a pending appeal (*see* R. & R. at 5–6), which is no longer

the case. *See Loveless v. Oklahoma*, No. C-2024-827 (Okla. Crim. App.), available at

https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate &number=C-2024-

827&cmid=138775 (last visited Mar. 10, 2026). It is also true that Loveless's prior

finalized § 2254 petitions before this Court have been dismissed without prejudice. *See*

---

[2] *See Loveless v. Oklahoma*, No. CIV-24-00858-JD; *Loveless v. Oklahoma*, Case
No. CIV-24-1234-JD; *Loveless v. Oklahoma*, Case No. CIV-25-567-JD.

*Loveless v. Oklahoma*, No. CIV-24-00858-JD; *Loveless v. Oklahoma*, Case No. CIV-24-1234-JD; *Loveless v. Oklahoma*, Case No. CIV-25-567-JD. But this does not impact the Court's adoption of Judge Maxfield's R. & R. alternatively on a de novo review.

The Tenth Circuit imposes on district courts certain procedural obligations to petitioners when a court *chooses* to re-characterize a habeas corpus petition under an alternate statute in a manner affecting the petitioner's ability to bring subsequent petitions. *Davis v. Roberts*, 425 F.3d 830, 834–35 (10th Cir. 2005) (stating district courts, before converting a claim to a § 2254 petition, must notify and warn the litigant of its intent to do so and provide the litigant the chance to withdraw or amend the motion). But "[a]lthough a district court may have discretion to convert a pro se prisoner's claim, nothing in this court's prior rulings indicates that failure to do so is error." *Crosby v. True*, 826 F. App'x 699, 700 (10th Cir. 2020) (unpublished). Moreover, the Tenth Circuit "has previously directed district courts to dismiss, without prejudice, a challenge . . . improperly brought under § 2241." *Id.* Considering that Mr. Loveless filed other § 2254 petitions challenging the same convictions, the R. & R. properly declined to convert Loveless's instant petition. *See id.* (holding that the district court did not err in dismissing without prejudice a claim improperly brought under § 2241).

The firm waiver rule bars appellate review. But even if it did not, Mr. Loveless would not be entitled to a certificate of appealability. To obtain a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds, the petitioner must show "that jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also*

*Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (same). After considering the petition,

the R. & R., and the record, the Court finds that reasonable jurists could not debate the

Court's determination that Mr. Loveless's habeas corpus claim is subject to dismissal

because he failed to state a cognizable claim under § 2241. Therefore, as an alternative to

the firm waiver rule, the Court declines to issue a certificate of appealability.

### B.    The Court imposes filing restrictions on Mr. Loveless.

"[T]he right of access to the courts is neither absolute nor unconditional, and there

is no constitutional right of access to the courts to prosecute an action that is frivolous or

malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted).

District courts have the authority to enjoin abusive litigants under both the All Writs Act,

28 U.S.C. § 1651, and their inherent powers. *Id.* at 352 ("A district court has power under

28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their

opponents."); *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) ("Federal courts

have the inherent power to regulate the activities of abusive litigants by imposing

carefully tailored restrictions in appropriate circumstances."). "Specifically, injunctions

restricting further filings are appropriate where the litigant's lengthy and abusive history

is set forth; the court provides guidelines as to what the litigant may do to obtain its

permission to file an action; and the litigant receives notice and an opportunity to oppose

the court's order before it is implemented." *Andrews*, 483 F.3d at 1077. However,

"[l]itigiousness alone will not support an injunction restricting filing activities," *Tripati*, 878 F.2d at 353, and "[t]he conditions cannot be so burdensome . . . as to deny a litigant meaningful access to the courts." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986).

The Tenth Circuit has distinguished "between indiscriminate filers and those who have limited their repetitive filings to a particular subject." *Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir. 2008). For instance, in *Andrews*, the pro se plaintiff's filings history was "limited to pleadings filed in relation to state, and then federal, court proceedings regarding the care and custody of his child(ren), and against state and federal government officials and private attorneys related to these matters." 483 F.3d at 1077. The district court had enjoined the plaintiff from filing *any* further pro se lawsuits without first obtaining permission from the district's chief judge, but in light of the plaintiff's litigation history, the circuit modified these restrictions "to cover only filings in these or future matters related to the subject matter of Mr. Andrews's three federal lawsuits." *Id.*

Mr. Loveless has a lengthy history of abusing the litigation process in cases before this Court. Loveless has filed a total of fifteen actions in this Court. Some of these actions have been styled as habeas petitions; others have been filed as complaints under 42 U.S.C. § 1983. Nearly all the actions have challenged the constitutionality of his prosecutions and convictions in his two state-court criminal actions, *Loveless I* and *Loveless II*:

- *Loveless v. Peek, et al.*, No. CIV-22-00941-JD (W.D. Okla. Mar. 30, 2023): § 1983 action alleging Fourth Amendment violations leading to Loveless's prosecution in *Loveless I*;

- *Loveless v. Oklahoma, et al.*, No. CIV-22-00994-JD (W.D. Okla. Mar. 30, 2023): habeas action alleging the state court in *Loveless I* violated the Speedy Trial Act;

- *Loveless v. Oklahoma, et al.*, No. CIV-24-00593-JD (W.D. Okla. Dec. 31, 2024): pre-conviction habeas action on *Loveless I* alleging excessive bail, wrongful revocation of bond, and wrongful reprisal for failure to give a urine specimen;

- *Loveless v. Grady Cnty. Sheriff Dep't, et al.*, No. CIV-24-00594-JD (W.D. Okla. Feb. 28, 2026): § 1983 claim alleging Fourth, Fifth, Eighth, and Fourteenth Amendment violations arising from *Loveless I* and *Loveless II*;

- *Loveless v. Grady Cnty. Dist. Ct., et al.*, No. CIV-24-00695-JD (W.D. Okla. Nov. 26, 2024): habeas action against *Loveless II* challenging whether obtaining a marriage license can be a predicate for witness intimidation;

- *Loveless v. Sifers, et al.*, No. CIV-24-00696 (W.D. Okla. May 22, 2025): § 1983 claim again alleging various constitutional violations arising from *Loveless II*;

- *Loveless v. Oklahoma, et al.*, No. CIV-24-00858 (W.D. Okla. Dec. 19, 2024): habeas action alleging excessive bail and various constitutional violations in *Loveless II*;

- *Loveless v. Grady Cnty. Det. Ctr.*, No. CIV-24-00865 (W.D. Okla. Dec. 27, 2024): habeas action for due process, freedom of speech, pretrial detention

and bond amount, and falsification of classification and conditions of confinement relating to imprisonment for *Loveless I*;

- *Loveless v. Grady Cnty. Det. Ctr., et al.*, No. CIV-24-00879 (W.D. Okla. May 30, 2025): § 1983 claims for alleged civil rights violations while on pretrial detention and after conviction relating to *Loveless II*;

- *Loveless v. Oklahoma*, No. CIV-24-01174 (W.D. Okla. Jan. 27, 2025): habeas action challenging convictions in *Loveless I* and *Loveless II*;

- *Loveless v. Oklahoma*, No. CIV-24-01234 (W.D. Okla. Mar. 9, 2026): habeas action again challenging conviction and sentence in *Loveless I*;

- *Loveless v. Jones*, No. CIV-24-01235 (W.D. Okla. Mar. 11, 2025): § 1983 claim against defendant's attorney, challenging conviction and sentence in *Loveless I* based on ineffective assistance of counsel;

- *Loveless v. Oklahoma*, CIV-25-00567 (W.D. Okla. Mar. 9, 2026): habeas action again challenging convictions and sentences in *Loveless I* and *Loveless II*;

- *Loveless v. Oklahoma*, CIV-25-00593 (W.D. Okla.): current habeas action challenging convictions in *Loveless I*.[3]

All these cases (including this one) have been dismissed. Mr. Loveless has accrued

---

[3] In only one case—*Loveless v. Grady County District Attorney's Office, et al.*, No. CIV-24-00992-JD (W.D. Okla. May 22, 2025)—did Mr. Loveless bring an action other than a challenge to his convictions. In that case, Mr. Loveless alleged that various state officials and entities violated the Eighth Amendment, federal regulations, and a New York labor law based on the bunk beds in the Grady County Detention Center.

three strikes under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g),[4] and he accrued three strikes before filing this action. *See Loveless v. Sifers, et al.*, No. CIV-24-00696 (W.D. Okla. May 22, 2025); *Loveless v. Grady Cnty. Dist. Att'ys Off., et al.*, No. CIV-24-00992 (W.D. Okla. May 22, 2025); *Loveless v. Grady Cnty. Crim. Just. Auth.*, No. CIV-24-00879 (W.D. Okla. May 30, 2025). In sum, Mr. Loveless has a lengthy history of filing unmeritorious cases, many of which rehash the same arguments attacking his convictions in *Loveless I* and *Loveless II*.

This vexatious litigation history warrants filing restrictions. Mr. Loveless may only file another action challenging his convictions in *State v. Loveless*, No. CF-2022-165 (Grady Cnty., Okla.) or *State v. Loveless*, No. CF-2024-89 (Grady Cnty., Okla.) in one of two circumstances. First, he may hire an attorney to represent him in any such action. Second, if Mr. Loveless files an action without being represented by counsel, he must do the following:

1) Provide a signed declaration with the following:

   a. affirms the action is commenced in good faith, is not malicious, and has arguable merit;

   b. lists all actions he has previously filed, including the case name and number and describing the status;

---

[4] The statute provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

      c.  describes with particularity the legal issues he seeks to raise in the complaint, discloses whether they were raised in any other actions, and certifies again that the legal arguments are not frivolous or made in bad faith but are warranted by existing law or a good-faith argument for extension, modification, or reversal of existing law. The Court notes that arguments that have been previously raised and dismissed are not good-faith arguments; and

      d.  contains the statement, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)," followed by Mr. Loveless's name and signature.

2) Certify the proposed complaint pursuant to Federal Rule of Civil Procedure 11.

3) Use the Court's approved form—either the Pro Se Prisoner Civil Rights Complaint[5] or the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254[6]—without attaching exhibits.

These restrictions comport with those previously upheld by the Tenth Circuit. *See Guttman v. Widman*, 188 F. App'x 691, 698 (10th Cir. 2006) (unpublished) (imposing substantially similar filing restrictions). Upon compliance with these requirements, the

---

[5] Available on the website for the United States District Court for the Western District of Oklahoma, https://www.okwd.uscourts.gov/sites/okwd/files/Prisoner_1983_Complaint_Form_1_28_26.pdf (last accessed Mar. 10, 2026).

[6] Available on the website for the United States District Court for the Western District of Oklahoma, https://www.okwd.uscourts.gov/sites/okwd/files/habeas_2254-action.pdf (last accessed Mar. 10, 2026).

Court will review Mr. Loveless's complaint and determine whether it should be accepted for filing.

Mr. Loveless has until March 24, 2026, to file a written objection to these proposed filing restrictions, limited to fifteen pages with no exhibits.[7] If he does not file an objection, or if his objection does not comply with this order, then the proposed filing restrictions will take effect on March 31, 2026. The Court will withhold its judgment in this action pending an opportunity for Mr. Loveless to timely object to the filing restrictions by March 24, 2026. Absent a written objection complying with this order (i.e., by March 24, 2026, and no more than fifteen pages and no exhibits), the Court will enter its judgment on March 31, 2026. If Mr. Loveless does file a timely response in compliance with this order, then the proposed filing restrictions will not take effect unless the Court so orders, after it has considered the response and ruled on Mr. Loveless's objections.

IT IS SO ORDERED this 10th day of March 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[7] *Cf. Johnson v. Johnson*, Case No. 21-1152, 2021 WL 4595172, at *3 (10th Cir. Oct. 6, 2021) (unpublished) (limiting the plaintiff "to ten pages or fewer" on written objections to the proposed filing restrictions by the circuit).